## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIC SHANE KNACKSTEDT,

  Plaintiff,

  v.             CASE NO. 20-3264-SAC

GARY BUNTING, et al.,

  Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Eric Shane Knackstedt is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper amended complaint to cure the deficiencies.

### 1. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims giving rise to his Complaint occurred during his detention at the Douglas County Jail in Lawrence, Kansas ("DCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that Defendants committed medical malpractice by failing to provide treatment as prescribed by a medical provider. Plaintiff alleges that Defendants failed to provide him with buprenorphine for the treatment of his opioid use disorder ("OUD") during his detention and instead referred him to DCCCA for a medication-assisted treatment ("MAT") release program. Plaintiff alleges that he was denied this medication which was

prescribed by Shawnee Mission Medical Center.  Plaintiff also alleges that he was denied a trip to medical for his heart problem related to the stress and pain from his forced detoxification.  Plaintiff alleges that although they knew he was in bad shape, they made him wait until sick call the next day to provide medical attention.

Plaintiff attaches to his Complaint the response to his grievance by Lt. Jason Grems.  The response provides:

> Mr. Knackstedt,
>
> I received your grievance appeal dated October 22, 2020 regarding your request for M.A.T. services you feel you are not receiving and in turn believe you are being discriminated against for being incarcerated.
>
> I spoke with DCCCA representative Jeremy Rowland on October 27, 2020 about your request for this treatment. According to Jeremy, you have met the eligibility requirements to participate in this program and are now waiting to receive a medical assessment to ensure you are healthy enough for the initial in-custody injection and future injections upon your release. He stated as of right now, you are in the beginning stages of this pilot program in Douglas County by meeting weekly with him for therapeutic services. He stated he offered to meet with you more frequently if you desired. The majority of the treatment you are requesting is done once you are out of custody with out-patient treatment and scheduled injections.
>
> If you meet the medical requirements, you will receive an injection two weeks prior to your release.  While in custody or out, there are no other prescriptions that are given specifically with this treatment. While you are in our custody, you do not have access to opioids and in turn cannot abuse them.
>
> Jeremy stated he spoke with you on October 27, 2020 regarding your participation in this treatment. He made it clear that the facility medical staff has nothing to do with this program since it is structured through DCCCA.
>
> Part of your grievance attempts to equate your opioid addiction with diabetes, these are two very separate issues. Diabetes is an organ dysfunction which a person generally needs medications daily to

avoid severe and life threatening health issues. Opioid addiction can only be dangerous to the user when they have access to opioids, which while in our custody you do not. Claiming your denied access to medications for your opioid addiction is an emergency and life threatening is false.

Buprenorphine is commonly used for medically supervised withdrawal and maintenance treatment when out of custody. You have been in custody since September 27, 2020 and are no longer suffering withdrawal sym[p]toms. Since you do not have access to opioids at this time, you do not need the maintenance.

As of the afternoon of October 27, 2020, I learned you were remanded to the custody of the Kansas Department of Corrections. I contacted Jeremy and he stated he will continue to meet with you weekly and work with you to continue your treatment.

In short, I do not understand what you are appealing since you are currently receiving the Medication Assisted Treatment that you have vehemently requested.

(Doc. 4–1, at 1.)

Plaintiff also attaches the response to his October 17, 2020 request to be seen by medical for chest pains. The October 18, 2020 response states "sign ROI for place you get Gabapentin. Write in a request to Bert Nash regarding meds for anxiety." *Id*. at 2.

Plaintiff names as defendants: Gary Bunting, DCJ Undersheriff; and (fnu) Hormell, Medical Request Director. Plaintiff seeks compensatory and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide

adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff claims that he underwent a detox program at Shawnee Mission Medical Center. (Doc. 4, at 3) (stating he was treated at Shawnee Mission Medical Center Detox Program). He does not claim that he was detoxing at the DCJ, but rather claims OUD is a "lifelong illness" that requires medical treatment. (Doc. 4, at 3; *see also* Doc. 1, at 4 ("the plaintiff already was detoxed"). The Complaint shows that Plaintiff had been in custody since September 27, 2020, and was no longer suffering withdrawal symptoms. (Doc. 4–1, at 1.)

Plaintiff complains that he suffered chest pains and was denied medical attention until the following day. In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff does not claim that his alleged chest pains led to lifelong handicap, permanent loss or considerable pain. Thus, Plaintiff has not satisfied the objective prong for proving a constitutional violation.

Plaintiff also fails to satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). Plaintiff has not alleged that his chest pains were intentionally ignored by jail officials. His medical request was responded to the

following day.  Plaintiff asserts that he has OUD and that he has not received treatment with opioids.  Staff responded that Plaintiff was no longer suffering from withdrawal, that he had no access to opioids while detained, and placed him in a program for treatment beginning shortly before his release. *cf. Quintana v. Santa Fe Cty. Bd. of Comm's*, 973 F.3d 1022, 1029–30 (10th Cir. 2020) (finding that frequent vomiting alone does not present an obvious risk of severe and dangerous withdrawal, but *bloody* vomiting does).  This apparent disagreement over course of treatment, however, does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).  Plaintiff has failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

Plaintiff has referred to *Crews v. Sawyer*, Case No. 19-2541-JWB, 2020 WL 1528502 (D. Kan. March 31, 2020), where the court determined that plaintiff's claims were moot because the parties reached an agreement to permit an inmate with OUD who had just entered BOP custody to use buprenorphine, consistent with a recent prescription, for as long as medically appropriate. This case is distinguishable because the parties have not reached an agreement, Plaintiff has not just entered jail, and Plaintiff is no longer housed at the DCJ.

Plaintiff claims that his equal protection rights have been violated, but his allegations fail to state a plausible claim.  To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was

irrational and abusive.  *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).  Plaintiff's allegations do not assert that he has been treated differently from inmates who are similarly situated in every material respect.  Nor does he allege facts showing that the defendants' actions have been irrational.

Plaintiff must show good cause why his Complaint should not be dismissed for failure to state a claim under § 1983.

## IV.  Motions

### 1.  Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction (Doc. 6), seeking to have the DCJ provide an outside doctor, to follow *Crews*, and to create a new protocol for treating inmates with buprenorphine.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Furthermore, Plaintiff is no longer housed at the DCJ.

### 2.  Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 10), stating that he does not have the funds to contact attorneys, discovery will be difficult due to his incarceration, and the nature of his suit is complex.   (Doc. 10, at 7.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461

F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3264-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for preliminary injunction (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 10) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 19, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 19, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 26, 2021, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**