IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC SHANE KNACKSTEDT,

    **Plaintiff,**

    **v.**                                              **CASE NO. 20-3264-SAC**

**GARY BUNTING, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims giving rise to his Complaint occurred during his detention at the Douglas County Jail in Lawrence, Kansas ("DCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On January 26, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC") granting Plaintiff until February 19, 2021, in which to show good cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff failed to allege deliberate indifference. The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Plaintiff's apparent disagreement over course of treatment does not rise to the level of a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). Plaintiff has failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

1

Plaintiff claims that his equal protection rights have been violated, but his allegations fail to state a plausible claim. To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). Plaintiff's allegations do not assert that he has been treated differently from inmates who are similarly situated in every material respect. Nor does he allege facts showing that the defendants' actions have been irrational.

The Court provided in the MOSC that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 11, at 11.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 23, 2021, in Topeka, Kansas.**

>                    <u>S/ Sam A. Crow</u>
>                    **SAM A. CROW**
>                    **SENIOR U. S. DISTRICT JUDGE**